# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRE HEAGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-024 |
| | ) | |
| COI AISHA THOMAS, JOSE MORALES, | ) | |
| THEODORE EMELLE, GREGORY C. | ) | |
| DOZIER, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Andre Heaggins filed this 42 U.S.C. § 1983 action after Calhoun State Prison Officer Aisha Thomas stood by and watched while he was confronted and then attacked by fellow inmate Theodore Emelle. Doc. 1 at 5. The Court, having granted his request to pursue his case *in forma pauperis*, doc. 8, and plaintiff having returned the necessary forms, docs. 9 & 11, now screens his Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails

to state at least one actionable claim against a governmental entity or official.[1]

Heaggins alleges that one day, while he was reading his Bible "as he did every morning," he made the mistake of confronting fellow prisoner Emelle — who had been staring at Heaggins "with a sinister expression on his face and evil in his eyes" — by asking him if he was "okay." Doc. 1 at 5. After Emelle "began to make a scene by talking loudly and being threatening," plaintiff responded in kind, and the situation "escalated." *Id*. Plaintiff noticed Officer Thomas watching the exchange, and also noticed her retreat to the "control room" while the inmates' verbal confrontation continued. *Id*. As Heaggins realized the state of affairs was spiraling towards a physical altercation, he left the area and went into a different room. *Id*. at 6. Officer Thomas continued watching, and did nothing as Emelle came into the room and hit Heaggins in the left side of the head with a lock. *Id*. Heaggins required 14 staples to close the

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

wound. *Id*. He seeks more than $500,000 in punitive and compensatory damages and unspecified "declaratory judgment" and "preliminary injunction(s) on each defendant." *Id*. at 7.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

"An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk[.]'" *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc), quoting

3

*Farmer*, 511 U.S. at 844. Prison officials have a duty to take reasonable steps to intervene on behalf of the victim of victim of an ongoing assault by another inmate. *Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005). "However, in order for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 F. App'x 894, 896 (11th Cir. 2010).

A plaintiff levying a failure-to-intervene claim must show that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. *Johnson v. Boyd*, 568 F. App'x 719, 724-25 (11th Cir. 2014). Liability attaches only if the officer "'was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff.'" *Smith v. Andrews*, 2016 WL 6818755 at *4 (S.D. Ga. Nov. 16, 2016). "Regardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence.'" *Seals v. Marcus*, 2013 WL 656873 at *8 (M.D. Ga. Jan. 25, 2013) (quoting *Longoria v. Texas*, 473 F.3d

4

586, 594 (5th Cir. 2006)); *see also Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) ("[P]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."); *Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997) ("[A]ll of the authority of which we are aware leads to the conclusion that such heroic measures are not constitutionally required.").

Heaggins' allegations are straightforward. He got in a verbal back-and-forth with another prisoner, things got heated, he walked away to defuse the situation, and the other prisoner came after him anyways. Officer Thomas saw the verbal altercation and, while nothing physical had yet occurred, moved to a "control room" where she remained when things finally turned physical. He blames her for not intervening while only words were being exchanged, since he was struck in the side of the head and may have escaped such injury had she been at his side instead.

Construed liberally, as they must be at screening, Heaggins' allegations warrant a response. His allegations imply that Officer Thomas had reason to believe that Heaggins was in imminent danger. *Brown*, 894 F.2d at 1537 (a prison official must be faced with a known

risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference), *Murphy*, 159 F. App'x at 948 (same); *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989) (same). Emelle engaged plaintiff in a "heated verbal confrontation where threats of injury were made" and followed plaintiff when he fled. When Emelle followed into the media room, it is unclear whether Thomas had time to respond and break up the fight, but (at least as pleaded) it appears that she both was physically able to act but declined to intervene. She must respond.

Warden Morales and Georgia Department of Corrections Commissioner Dozier, however, are not mentioned by name anywhere in the Complaint. The Court must conclude that they are named solely because of their job titles. § 1983 claims, however, require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S.

6

658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Their mere supervisory roles, without allegations connecting them to the allegedly unconstitutional acts/omissions of the Complaint, are insufficient to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted). Both should be **DISMISSED** from the Complaint.

As should Heaggins' fellow inmate, Emelle. To be liable under § 1983, a defendant must be a "state actor." Private parties qualify as state actors for § 1983 purposes only in "rare circumstances." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (a private entity may be liable as a "state actor" for a constitutional violation only in the following circumstances: (1) "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution"; (2) "the private parties performed a public function that was traditionally the exclusive prerogative of the State"; or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint

participant in the enterprise[ ].").  And plaintiff has not alleged any circumstance that might permit him to assert claims against Emelle. *C.f. Bell v. Brown*, 2017 WL 3473845 at *4 (S.D. Ga. Aug. 11, 2017) (a "trustee" inmate "who carried out the orders of correctional officers" is susceptible to suit under § 1983, because plaintiff had "plausibly alleged that 'the State . . . significantly encouraged the action alleged to violate the Constitution.").[2]

In conclusion, Warden Morales, Commissioner Dozier, and Emelle should be **DISMISSED** from the Complaint.[3] The Clerk, however, is **DIRECTED** to forward a copy of this Order along with plaintiff's Complaint to the Marshal for service upon Officer Thomas. Meanwhile, it is time for plaintiff to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $47.16, doc. 9, he owes an initial

---

2   That is not to say that Heaggins has no state law assault or battery claims against Emelle for the attack.  He may.  He does *not*, however, have a colorable civil rights claim.

3   Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation (R&R) within 14 days of service, *see infra*, affords him an opportunity to resuscitate his case.  He may also submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above.  *See Willis v. Darden*, 2012 WL 170163 at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of his § 1983 claims *and* identify a defendant who is not immune from suit.

partial filing fee of $9.43. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). His custodian (or designee) shall therefore remit $9.43 to the Court and shall set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 18th day March, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA