# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRE HEAGGINS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV419-024 |
| COI AISHA THOMAS, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Andre Heaggins filed this 42 U.S.C. § 1983 action after Calhoun State Prison Officer Aisha Thomas stood by and watched while he was confronted and then attacked by a fellow inmate. Doc. 1 at 5. The Court screened his Complaint pursuant to 28 U.S.C. § 1915A and dismissed Commissioner Greg Dozier and Warden Jose Morales from the Complaint, because they appeared to be named solely because of their managerial titles. Docs. 12 & 16. Section 1983 claims, after all, require an allegation of a causal connection between a defendant's acts or omissions and the alleged constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Such claims cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk*

1

*Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Mere supervisory roles, without allegations connecting them to the allegedly unconstitutional acts/omissions of the Complaint, are insufficient to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted).

Heaggins has filed an "Amended Complaint" explaining that he had filed a grievance several months before the attack, complaining that there were an insufficient number of guards on the prison floor. Doc. 18 at 3-4. He complains that, by ignoring his grievance and by stationing a "90 pound, 4'5" female officer" to supervise an all-male dormitory of 200 men, these defendants directly endangered him in violation of the Eighth Amendment. *Id.* at 3.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a

constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834.   Merely negligent failure to protect an inmate from attack does not justify liability under § 1983.  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).   "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort."  *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

Circumstantial evidence and the obviousness of the substantial risk of harm, not just actual notification, may also be used to establish subjective awareness.   *Farmer*, 511 U.S. at 842-44.   Further, allegations suggesting the substantial risk was "long-standing, pervasive, [or] well-documented" and the defendants "had been exposed to information concerning the risk and thus must have known about it . . . could be sufficient . . . to find that [the defendants] had actual knowledge of the risk."  *Id*. at 842-43 (internal quotes and cite omitted). But, even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists

— and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837. Put differently, plaintiff must show more than "a generalized awareness of risk" and "much more than mere awareness of [a specific inmate's] generally problematic nature." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003).

Heaggins' claims are straightforward. He allegedly filed a grievance complaining that there were not enough guards on duty to protect him or ensure his safety, and because only one guard was posted he was attacked by another inmate and injured in the altercation. *See* doc. 18 at 2 (alleging that he (and several other inmates) had grieved the prison's "'Unsafe conditions — lack of security'"). For that, he blames the prison officials who could have enacted some policy change to post more guards. Heaggins' allegations imply that the Warden had a "generalized awareness of risk" arising from the staffing policy. His Amended Complaint, however, does not show that the Warden (much less the Commissioner) had awareness of any *particularized* threat or fear felt by Heaggins in regards to staffing on the prison floor. *Carter*, 352 F.3d at 1350; *Brown,* 894 F.2d at 1537 (a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather

than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference); *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989) (same).

Defendants arguably could have staffed the prison differently to provide more bodies to intervene when Heaggins was attacked, but "merely negligent failure to protect an inmate from attack does not justify liability under section 1983. . . ." *Brown*, 894 F.2d at 1537. Given that Heaggins does not allege that either the Warden or the Commissioner possessed more than a generalized awareness of risk arising from the prison staffing situation, he cannot establish that either had the requisite *subjective* awareness of a substantial risk of serious physical threat required to establish a failure-to-protect claim. When viewing the evidence most favorably toward plaintiff, in other words, a claim for deliberate indifference has not been established.

In conclusion, Warden Morales and Commissioner Dozier should remain **DISMISSED** from the Complaint and plaintiff's Amended Complaint seeking to add them to the Complaint should be **DISMISSED**. *See* docs. 12 & 16. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local

Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 18th day June, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA