# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

ANDRE HEAGGINS,        )
                               )
      Plaintiff,         )
                               )
v.                        )          CV419-024
                               )
COI AISHA THOMAS      )
                               )
      Defendants.     )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Andre Heaggins, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action alleging that Coastal State Prison Officer Aisha Thomas stood by and watched while he was confronted and then attacked by a fellow inmate. Doc. 1 at 5-6. The Court screened the Complaint, pursuant to 28 U.S.C. § 1915A, and determined that the only potentially viable claim stated was against Officer Thomas. Doc. 12 at 8. On May 6, 2019, Officer Thomas waived service. Doc. 21. Pursuant to Fed. R. Civ. P. 12(d)(3), Thomas' answer, or other responsive pleading, was due June 9, 2019. *See id.* On May 26, 2020, Heaggins moved for Summary Judgment. Doc. 26. The Court determined that his motion

1

was inadequate, since he did not comply with the requirements of Fed. R. Civ. P. 56(c)(1)(A-B), S.D. Ga. L.R. 56.1, or S.D. Ga. L.R. 11.1.  Doc. 28. However, the Court noted that Heaggins had requested permission to amend his motion, so dismissed the pending motion as moot and afforded him 30 days in which to file an amended motion for summary judgment. *Id.*  Heaggins complied and filed his Amended Motion for Summary Judgment on November 5, 2020.[1]  Doc. 30.

While addressing Heaggins' original Motion for Summary Judgment, the Court noted that Officer Thomas had failed to timely answer or file any responsive pleading.  Doc. 28.  As a result, the Court directed the Clerk to enter default against Thomas.  *Id.*  Default was entered on October 13, 2020.[2]  Doc. 29.  On November 17, 2020, Heaggins filed a motion for default judgment, doc. 32, which he amended twice, docs. 33 and 35.  In its initial review of that motion, as amended, the

---

[1] Heaggins also filed a verbatim copy of his Amended Motion for Summary Judgment. *Compare* doc. 31 *with* doc. 30.  Since the later-filed document, doc. 31, is duplicative of the pending Amended Motion for Summary Judgment, doc. 30, the Clerk is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** docket entry 31.

[2] Heaggins filed a Request for Certificate of Default against Defendant Thomas pursuant to Fed. R. Civ. P. 55.  Doc. 34.  The Clerk has already entered default against Defendant Thomas.  *See* doc. 29.  Therefore, the Request for Certificate of Default is **DENIED**, as moot.  Doc. 34.

Court recognized that the allegations in Heaggins' complaint were not sufficient to support entering a default judgment against Defendant Thomas, either as to liability or damages.  After highlighting the deficiencies with his allegations, the Court directed Heaggins to "address[ ] the deficiencies noted in regards to defendant's liability and explain[ ] the basis for calculating his amount of damages."  Doc. 36. Heaggins submitted his response to that Order on June 7, 2021. Doc. 41-1.  The Clerk, at the Court's direction, mailed a copy of his response to Officer Thomas.  *See* doc. 36 at 9-10.  Officer Thomas did not respond. *See generally* docket.

Plaintiff's Amended Motion for Summary Judgment, doc. 30, and Motion for Default Judgment, doc. 32, as amended, docs. 33 & 35, are now ripe for review.

## I.    BACKGROUND

Heaggins alleges that one day, while he was in the day room reading his Bible "as he did every morning," he made the mistake of confronting fellow prisoner Theodore Emelle — who had been staring at Heaggins "with a sinister expression on his face and evil in his eyes" — by asking him if he was "okay."  Doc. 1 at 5.  After Emelle "began to make

a scene by talking loudly and being threatening," plaintiff responded in kind, and this led to a "heated verbal confrontation where threats of injury were made." *Id.*; *see also* doc. 41-1 at 1 ("[P]laintiff was engaged in a very heated verbal confrontation with a fellow inmate.")  At that point, the entire dorm population began to crowd around the two arguing inmates.  Doc. 1 at 5.  The crowd numbered close to 100 inmates. Doc. 41-1 at 5.

Officer Thomas, who at that time was performing her rounds, heard and saw the altercation escalating.  Doc. 1 at 5; *see also* doc. 41-1 at 1 ("While [Officer Thomas was] making her rounds, the heated verbal confrontation between plaintiff and [the] fellow inmate [e]rupted.").  The crowd began chanting "wait for the officer to leave!"  Doc. 41-1 at 1.  In response, Officer Thomas left the floor and returned to the control booth. Doc. 1 at 5; doc. 41-1 at 1.

After Officer Thomas returned to the control booth, plaintiff left the day room and walked into the media room to remove himself from the scene.  Doc. 1 at 6.  From the media room, he could see Officer Thomas staring into the crowd of inmates, then looking at him in the media room. *Id.*  He could also see Emelle descending the stairs from his upstairs cell,

and Officer Thomas looking from Heaggins back to Emelle.  Doc. 41-1 at 1-2.  While Heaggins does not say how much time passed in between his escape to the media room and Emelle leaving the day room, going upstairs to his cell, and returning downstairs, he avers that Officer Thomas "had enough time to exit [the] control booth and prevent the assault."  Doc. 41-1 at 5.  Ultimately, Emelle entered the media room with something in his hand.  Doc. 1 at 6.  Officer Thomas continued watching from the control booth as Emelle hit Heaggins in the left side of the head with a lock.  *Id.*  Heaggins required 14 staples to close the wound.  *Id.*

Heaggins argues that Officer Thomas is liable for his injuries because she acknowledged the verbal altercation between Heaggins and Emelle with "life threatening remarks being audibly expressed," witnessed the crowd of inmates chanting encouragement, "left the matter to chance" by returning to the control booth and, from there, watched "in anticipation of the assault."  Doc. 41-1 at 2.

## II.   MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment against Defendant Aisha Thomas, arguing that she is liable for him being attacked and injured by

another inmate, which could have been avoided but for her "deliberate and callously reckless non-response." Doc. 30 at 2.

## A.   Summary Judgment Standard

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing "that there are no genuine issues of material fact to be determined at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (citing *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991)). For issues on which the movant bears the burden of proof at trial:

> The movant must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.

*Fitzpatrick*, 2 F.3d at 1115.

As this Court has explained to Heaggins once before:

> Motions for summary judgment must be supported by a movant
>
> > (A)   Citing to particular parts of materials in the record, including depositions, documents,

6

> electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B)   Showing that the materials cited to do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> Fed. R. Civ. P. 56(c)(1)(A-B).  In this district, "there shall [also] be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof.  Each statement of material fact shall be supported by a citation to the record." S.D. Ga. L.R. 56.1.

Doc. 28 at 2.

## B.   <u>Discussion</u>

Much like his first Motion for Summary Judgment, Heaggins' Amended Motion for Summary Judgment does not comply with these requirements.  He has again failed to attach a statement of material facts.  *See* doc. 30; *see also* docket.  He mostly relies on the allegations in his original Complaint as his "Statement of Fact."  *See* doc. 30 at 1-2.  He does attach an affidavit, but it recites those same allegations.  *See* doc. 30 at 7.  He avers that Officer Thomas "retreat[ed] to the control room while the verbal confrontation continued," and "continued watching and

7

did nothing as Emelle came into the room and hit Heaggins on the left side of [his] head with a lock." *Id.* This is not enough to meet his burden as the moving party who carries the burden of proof at trial. *Fitzpatrick*, 2 F.3d at 1115 ("the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party").

The Court has, on two prior occasions, set out the elements which Heaggins must prove to be successful:

> A plaintiff levying a failure-to-intervene claim must show that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. *Johnson v. Boyd*, 568 F. App'x 719, 724-25 (11th Cir. 2014). Liability attaches only if the officer "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." *Smith v. Andrews*, 2016 WL 6818755 at *4 (S.D. Ga. Nov. 16, 2016). "Regardless of the presence or absence of a weapon in the hands of the attacking inmates, 'no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence.'" *Seals v. Marcus*, 2013 WL 656873 at *8 (M.D. Ga. Jan. 25, 2013) (quoting *Longoria v. Texas*, 473 F.3d 586, 594 (5th Cir. 2006)); *see also Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) ("[p]rison guards have no constitutional duty to intervene in the armed assault of one inmate upon another when intervention would place the guards in danger of physical harm."); *Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997) ("[A]ll of the authority of which we are aware leads to the

8

conclusion that such heroic measures are not constitutionally required.").

Doc. 36 at 4-5 (quoting doc. 12 at 4-5).

Plaintiff has not pointed to evidence in the record to support each element of his failure to intervene claim.  His affidavit shows only that Officer Thomas retreated to the control room upon witnessing the two inmates verbally sparring, and remained in the control room as Emelle located and struck Heaggins with the lock.  *See* doc. 30 at 7.  He does not point to evidence in the record that she was physically able to intervene without placing herself in danger of physical harm.  Indeed, he alleges that he and Emelle were surrounded by almost 100 fellow inmates encouraging a fight.  *See* doc. 41-1 at 5. He has not shown that Officer Thomas had any tools at her disposal to safely break up the impending fight, or that she failed to call for assistance.  *See* doc. 1, doc. 41-1. Moreover, he has not demonstrated how much time elapsed between his escape to the media room and Emelle locating him and hitting him with the lock, only conclusory stating that Officer Thomas "had enough time" to respond.  Doc. 41-1 at 2.  He did suggest in his initial Complaint that this all occurred "within minutes."  Doc. 1 at 6.  Heaggins, therefore, has

9

not meet his burden and his Amended Motion for Summary Judgment should be **DENIED.**  Doc. 30.

## III.   MOTION FOR DEFAULT JUDGMENT

Heaggins also seeks a default judgment against Officer Thomas for "compensatory and punitive damages [of] more than $500,000.00." Doc. 41-1 at 1, n. i.

### A.   <u>Default Judgment Standard</u>

When a defendant has failed to plead or defend, a district court may enter judgment by default.  Fed.R.Civ.P. 55(b)(2).  But, as the Court has already pointed out, "a defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered."  Doc. 36 at 3 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Not only does Heaggins not have an absolute right to a default judgment, but default judgments are "generally disfavored." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015)

"Three distinct matters are essential for the entry of default judgment: (1) jurisdiction; (2) liability; and (3) damages."  *Id.* (citing *Pitts*

*ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  And ultimately, the Court has discretion to determine whether a default judgment should be entered.  *Pitts*, 321 F. Supp. 2d at 1356; *see also Surtain*, 789 F.3d at 1244 (reviewing denial of default judgment for abuse of discretion).

## B.   Discussion

For the Court to enter a default judgment against Officer Thomas, there must be (1) subject matter and personal jurisdiction; (2) allegations in the complaint that state a claim against her, and (3) damages to which Heaggins has shown he is entitled.  *Laufer v. Rudra Sai, LLC*, 2021 WL 261674, at * 1 (S.D. Ga. Jan. 26, 2021).

The Court's prior Order has already confirmed that it has both subject matter jurisdiction over Heaggins' claim and personal jurisdiction over Officer Thomas:

> The record in this case establishes that the Court has both subject matter jurisdiction over Heaggins' claim and personal jurisdiction over Thomas.  Since Heaggins' claim against Thomas arises under federal law, *i.e.* 42 U.S.C. § 1983, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  As to personal jurisdiction over the absent defendant; "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . .  who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).

11

> The record reflects that Thomas is subject to general jurisdiction in Georgia. See doc. 1 at 3 (alleging Thomas was employed by Coastal State Prison and that the tortious conduct occurred in Savannah, Georgia). Accordingly, the Court should find that it has both subject-matter and personal jurisdiction.

Doc. 36 at 3-4.

However, as to liability, Heaggins has still not set out sufficient allegations to state a claim against Officer Thomas that support entry of a judgment. "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, [s]he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain*, 789 F.3d at 1245 (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). So, although Officer Thomas, by her default, has admitted the facts cited in the Complaint, the Court must determine whether those unchallenged facts constitute a cause of action. *Pitts*, 321 F. Supp. 2d at 1357. And while Heaggins' burden is "relatively light," doc. 36 at 6, he has failed to meet that burden.

Much like the analysis of Heaggins' Motion for Summary Judgment, *supra*, the analysis of his Motion for Default Judgment begins with the elements of his cause of action. *See supra* p. 8-9. He must have alleged facts sufficient to show that (1) another inmate's physical assault

created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. *Johnson*, 568 F. App'x at 724-25.  Moreover, it is his burden to allege facts that show that Officer Thomas "was physically able and had a realistic chance to intervene and act in time to protect [him]."  *Smith*, 2016 WL 6818755 at *4.

As the Court previously observed, while his initial complaint did plead sufficient facts to support *serving* his complaint, it did not adequately plead all elements of a claim for failure to protect necessary to support entry of default judgment.[3]  Doc. 36 at 6-7, *see also* doc. 12 at 6 (initial screening noting that it was unclear whether Officer Thomas

---

[3] When screening cases pursuant to 28 U.S.C. § 1915A, a Court is required to dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(b)(1).  The standard for determining whether a complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) applies to dismissals under § 1915A(b)(1).  *See Jemison v. Wise*, 386 F. App'x. 961, 963 (11th Cir. 2010).  In the Eleventh Circuit, the same Rule 12(b)(6) standard also applies when determining whether a Complaint provides a "sufficient basis" to support a default judgment. *Surtain*, 789 F.3d at 1245 ("a motion for default judgment is like a reverse motion to dismiss for failure to state a claim").  However, the leniency with which *pro se* complaints are to be reviewed for dismissal, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1979), weighed in favor of permitting Heaggins' claim to be served, even though under the same rule 12(b)(6) standard, viewed through the discretionary lens allowed at this stage, his allegations do not support entry of default judgment.  *See Surtain*, 789 F.3d at 1244-45 (noting discretionary standard, and that strong policy of determining cases on their merits means default judgments are generally disfavored).

13

had time to respond and break up the fight, as required to successfully assert a failure to intervene claim).  Recognizing that Heaggins still *may* be able to support entry of default judgment by setting out more detailed factual allegations, the Court afforded him an opportunity to do so.  Doc. 36 at 9-10.  He submitted additional support for his motion.  Doc. 41-1.

Even considering his supplemental information, Heaggins has not alleged facts which, taken as true, support a judgment against Officer Thomas for failing to intervene in his altercation with his fellow inmate. *See* doc. 41-1.  His conclusory statements that Officer Thomas "had enough time to exit the control booth" to stop a fight from breaking out, and that she "gave consent for the assault to be carried out" by retreating to the control booth are not enough.  *Id.*  He has still not alleged facts which, if true, show that Officer Thomas had the ability and time to intervene, and that her failure to do so was unreasonable.  Because his allegations do not provide a "sufficient basis" for judgment against Officer Thomas, *Nishimatsu Constr. Co.*, 515 F.2d at 1206, his Motion for Default

Judgment, as amended, should be **DENIED, without prejudice**.[4]  Docs. 32, 33, & 35.

While Heaggins has not alleged facts that support entry of default judgment against Officer Thomas, his claims did survive screening.  *See supra* p. 13, n. 3.  His claims should still not be dismissed by the Court, since it does not "appear[ ] beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1979).  Therefore, he should be afforded one final opportunity to support his claims.   Therefore, Heaggins is **DIRECTED** to file an amended complaint and renewed Motion for Default Judgment or a properly supported Motion for Summary Judgment, with additional, factual support for each and every element of his claim against Officer Thomas, within ninety days from the date of this Order.

So that he might comply with the Court's direction to support his claims, the Court will also permit Heaggins the opportunity to conduct

---

[4] Heaggins has also failed to support his claimed damages as directed by the Court. *See* doc. 36 at 9.  He was asked to explain the basis for calculating his damages.  *Id.* He did not do so.  *See* doc. 41-1.  Should he amend his complaint and again seek a default judgment, *see infra*, he must support his claim for damages as previously directed by the Court.  *See* doc. 36.

discovery.  It is therefore **ORDERED** that the discovery period in this case is now opened and shall run for ninety days.  Heaggins is excused from conducting the Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(f)(1); *see also* Fed. R. Civ. P. 26(d)(1).  He may attempt to seek discovery from Defendant Officer Thomas in the manner permitted by the Federal Rules of Civil Procedure.  *See, e.g.,* Fed. R. Civ. P. 33 & 34.

In his Motion for Default Judgment, Heaggins asks the Court to subpoena photos, copies of disciplinary reports and investigation reports, and medical documents from third-parties Costal State Prison and Calhoun State Prison.  Doc. 32 at 4.  That request is **DENIED.**  Doc. 32. The Court cannot conduct Heaggins' discovery for him in this case.  He must litigate his claims pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Georgia, the same as all other litigants.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

The Federal Rules of Civil Procedure do provide a mechanism for requesting documents from non-parties.  *See* Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 45.  However, Heaggins is "advised that . . . [he] may incur significant expense in employing Rule 45."  *Wilkerson v. Georgia*, 2015 WL 5449144 at *1 (S.D. Ga. September 10, 2015).  "Even *pro se* litigants

who are proceeding *in forma pauperis* must bear their own discovery expenses." *Id.*; *see also Ruiz v. Collado*, 2016 WL 11665998 at * 1 (S.D. Fla. March 22, 2016) ("To the extent the plaintiff believes that he may be relieved of the expenses and burdens associated with discovery practice because he is proceeding in this action as an *in forma pauperis* litigant, he is mistaken.  Plaintiff is advised that his *in forma pauperis* status does not entitle him to free services such as scheduling, conducting and recording depositions, conducting discovery, paying for investigator fees, issuing subpoenas for the production of records from non-parties, etc.").

Should Heaggins still wish to subpoena documents or other information he believes will help him support his claim against Officer Thomas, he must review Federal Rules of Civil Procedure 34 and 45. If he believes he is able to obtain the documents in compliance with those rules, he is **DIRECTED** to notify the Court and make a showing that he is able and willing to have the subpoena served on the non-party pursuant to the requirements of Rule 45.  *See Ruiz*, 2016 WL 11665998 at *1 (requiring *pro se* plaintiff to demonstrate to the Court that he is able and willing to comply with the service requirements of Rule 45 as a

prerequisite to using Rule 45 to request documents from third-party). This showing must be made within 30 days of the date of this Order.

In his notice to the Court, he must also present a proposed subpoena, filled out with the information as to who the subpoena will be directed, and the particular documents or photographs that he seeks. The Clerk is **DIRECTED** to furnish Heaggins with a blank, unsigned Form AO 88B subpoena so that he can prepare the proposed subpoena for the Court's review. It is Heaggins' obligation to fill out the blank form subpoena, including addressing the subpoena to the appropriate person who he believes has the documents or photographs he is seeking, and designating the particular documents or photographs that he wishes to inspect or copy in the space provided on the form subpoena. If he makes a showing sufficient to demonstrate to the Court that he is willing and able to arrange for service of the subpoena, or if he demonstrates that the non-party recipient has agreed to accept service through mail, the Court will review the proposed subpoena for compliance with Rule 45 and determine if he may proceed.

The Court can offer no further assistance in this regard. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts are "under no duty to

18

provide personal instruction on ... procedure" to pro se litigants because requiring otherwise "would undermine district judges' role as impartial decision makers"); *United States v. Ly*, 646 F.3d 1307, 1315 (11th Cir.2011) ("a district court has no duty to act as [a pro se party's] lawyer").

## IV.   CONCLUSION

Plaintiff Andre Heaggins' Amended Motion for Summary Judgment should be **DENIED.**  Doc. 30.  His Motion for Default Judgment should be **DENIED**, **without prejudice.**   Doc. 32, 33, 35.   The Clerk is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** docket entry 31 as duplicative of docket entry 30.   Plaintiff's Motion for Certificate of Default is **DENIED as moot**.  Doc. 34.  The Clerk is **DIRECTED** to send Plaintiff an unsigned copy of Form AO 88B.  Plaintiff is **DIRECTED** to provide the Court with notice that he is willing and able to effectuate service of a subpoena under Rule 45, along with a completed proposed subpoena, within **THIRTY DAYS.**  Plaintiff is **DIRECTED** to file his Amended Complaint and renewed Motion for Default Judgment, or,

alternatively, an Amended Motion for Summary Judgment, within **NINETY DAYS** of this Order.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 27th day of August, 2021.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

21