## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ANDRE HEAGGINS, )
)
     Plaintiff, )
)
v. )          CV419-024
)
COI AISHA THOMAS, )
)
     Defendant. )

## <u>ORDER</u>

Plaintiff Andre Heaggins, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action alleging that Coastal State Prison Officer Aisha Thomas stood by and watched while he was confronted and then attacked by a fellow inmate. Doc. 1 at 5-6. Defendant Thomas failed to timely answer or file any responsive pleading, so the Court directed the Clerk to enter default. Doc. 28 at 3. Default was entered on October 13, 2020. Doc. 29. Heaggins filed a motion for default judgment, doc. 32, which he amended twice, docs. 33 and 35. In its initial review of that motion, as amended, the Court recognized that the allegations in Heaggins' complaint were not sufficient to support entering a default

1

judgment against Defendant Thomas, either as to liability or damages. Doc. 36 at 5-9. Heaggins submitted his response to that Order with additional allegations against Thomas. Doc. 41-1. The Court again found that Heaggins had not established his entitlement to a default judgment. Doc. 43, *adopted by* doc. 44 (denying, without prejudice, Motion for Default Judgment). However, the Court also found that his claims against Thomas were not subject to dismissal, and therefore gave him a final opportunity to support those claims by filing an amended complaint and a renewed motion for default judgment, or, in the alternative, a renewed motion for summary judgment. *Id.* at 15.

In directing Heaggins to file an amended complaint, the Court also permitted him the opportunity to conduct discovery. Doc. 43 at 15-16. The Court referred him to Federal Rule of Civil Procedure 45, which provides a mechanism for requesting documents from non-parties. *Id.* He was directed to "notify the Court and make a showing that he is able and willing to have the subpoena served on the non-party pursuant to the requirements of Rule 45." *Id.* at 17. He was also instructed to "present a proposed subpoena, filled out with the information as to who

the subpoena will be directed, and the particular documents or photographs that he seeks." *Id.* at 18.

Heaggins responded to those instructions with a "Notice for Court to Serve Filed Subpoenas," doc. 45 at 7, and submitted four proposed subpoenas: one to Defendant Aisha Thomas seeking answers, under oath, to Interrogatories, *id.* at 1-2, one to inmate Terry Michell seeking a "witness statement," *id.* at 3-4, one to the Georgia Department of Corrections seeking documents related to Defendant Thomas, *id.* at 5-6, and one to the Georgia Department of Corrections seeking documents related to his alleged attacker, inmate Theodore Emelle, doc. 46 at 1-2.

As Heaggins has already been informed, he must litigate his claims pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the same as all other litigants. Doc. 43 at 16 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). The District Court for the Northern District of Florida has explained how Rule 45 applies to a *pro se* plaintiff:

> A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval. However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff . . . [and] the production sought by Plaintiff must fall within the scope of

> proper discovery under Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably calculated to lead to the discovery of admissible evidence." Pursuant to Fed. R. Civ. P. 45(c)(1), the Court has an obligation to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena.

*Wright v. Young*, 2012 WL 2945598, at *2 (N.D. Fla. July 18, 2012); *see also Alexander v. Cal. Dep't of Corrs.*, 2010 WL 5114931, at *3 (E.D. Cal. December 9, 2010) ("[T]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations[,] . . . includ[ing] the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information.").

As Heaggins is proceeding *pro se* and *in forma pauperis*, the Court will authorize service of any subpoena that it deems appropriate by the United States Marshal. *See Miller v. White*, 2020 WL 7973849, at *1 (C.D. Cal. Aug. 5, 2020) (citing 28 U.S.C. § 1915(d)); *Jackson v. Brinker*, 1992 WL 404537, at *1 (S.D. Ind. Dec. 21, 1992) ("[T]he Marshals Service is required under § 1915(c) to serve an indigent party's subpoenae duces tecum . . . ."); *cf. Wright*, 2012 WL 2945598, at *2 (instructing *pro se* plaintiff that he will be required to pay the costs of serving any subpoenas

4

because he paid the filing fee and is not proceeding *in forma pauperis*). The Court, in reviewing Heaggins' proposed subpoenas, relies upon its "power . . .to review indigent parties' subpoenae duces tecum before service" to limit the burden on the Marshals Service. *Jackson,* 1992 WL 404537, at *6- *7; *see also Miller*, 2020 WL 7973849, at *1("directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court" (internal quotation marks, citation, and alterations omitted)).

Applying these standards, the Court analyzes the subpoenas that Heaggins has requested, as follows:

### 1.   <u>Subpoena to Defendant Aisha Thomas</u>

Heaggins directs his first proposed subpoena to Defendant Aisha Thomas, commanding her "to answer, under oath, Plaintiff's First Set of Interrogatories to Defendant."  Doc. 45 at 1.  He then provides twenty questions aimed at Thomas.  *Id.* at 8-9.  Interrogatories are a discovery tool available to litigants when seeking information from parties to the lawsuit.  *See* Fed. R. Civ. P. 33.  Thomas, even as a defendant in default, is "subject to the tools of discovery as a party to this action."  *Martie v. M&M Bedding, LLC*, 528 F. Supp. 3d 1252, 1257 (M.D. Fla. 2021) (citing

*Minx, Inc. v. West*, 2011 WL 5844486 at *2 (D. Utah Nov. 21, 2011)).  And, as this Court has pointed out to *pro se* litigants before, "[i]nterrogatories . . . provide a practical method of discovery" for those litigants.  *Rogers v. Toombs County Bd. of Ed.*, 2015 WL 775021, at *1 (S.D. Ga. Feb. 13, 2015).  "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).

After review of Heaggins' proposed interrogatories, *see* doc. 45 at 8-9, they appear to seek information that is relevant to his claim as required by Rule 26(b).  Fed. R. Civ. P. 26(b)(1).  Therefore, the Court will approve the interrogatories for service on Thomas.  While typically service of discovery on a party to the case is effectuated by the party seeking that discovery, *see* Fed. R. Civ. P. 5(b)(2)(C), in this instance, considering Thomas' continued failure to respond to items mailed to her address, *see, e.g.,* doc. 36 at 9-10; *see also, generally,* docket, the Court will approve service of the interrogatories on Thomas via the United States Marshal Service.  *See* Fed. R. Civ. P. 5(b)(2)(A)-(B) (providing for service of a paper, including a "discovery paper," by handing it to the person or by leaving it at the person's office or dwelling or usual place of abode).

Therefore, the Clerk is **DIRECTED** to prepare and transmit a service package to the Marshal, which must include a fully completed USM 285 form, one copy of Plaintiff's First Set of Interrogatories to Defendant, doc. 45 at 8-9, and one copy of this Order.  Upon receipt of the service package, the Marshal is **DIRECTED** to promptly attempt to personally serve Defendant Aisha Thomas.  The Marshal is further **DIRECTED** to make such attempt using all reasonable means available to it, excluding any information available to it pursuant to its law-enforcement functions, but including the use of any publicly- or commercially-available database available to it that is comparable to those which are available to any non-law-enforcement practitioner or process server.  Thomas is **DIRECTED** to respond to Heaggins' interrogatories within 30 days of the date of service as required by Fed. R. Civ. P. 33, and must direct her responses to Andre Heaggins, #1000140334 at Valdosta T.C., 363 Gil Harbin Blvd., Valdosta, GA 31601.[1]

---

[1]   The Court's preliminary review of Heaggins' interrogatories should not be construed as in any way limiting Thomas' ability to pursue any of the protections afforded by the Federal Rules of Civil Procedure in responding to those interrogatories.

2.   **Subpoena to Inmate Terry Mitchell**

Heaggins next submits a proposed subpoena to Inmate Terry Mitchell seeking a "witness statement of November 20, 2017" of the "[a]ssault with serious injury upon Andre Heaggins while confined at Coastal State Prison—N Building A Dormitory." Doc. 45 at 3. "A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party." *Alexander*, 2010 WL 5114931, at *3. Heaggins has not demonstrated that Mitchell, apparently another inmate at Coastal State Prison at the time of the alleged assault, has possession of a "witness statement" that would not otherwise be included in the Georgia Department of Correction files discussed below. For that reason, the Court **DENIES, without prejudice,** Heaggins' request to serve his proposed subpoena on Mitchell. If Heaggins wishes to renew his request for a subpoena to Mitchell, he must show that the "witness statement" is not otherwise available from other sources available to him.

3.   **Subpoenas to the Georgia Department of Corrections**

Finally, Heaggins requests service of two subpoenas on the Georgia Department of Corrections ("GDOC"). *See* doc. 45 at 5, doc. 46 at 1. The first requested subpoena seeks:

> Any and all documents, information, disciplinary reports, investigations of COI Aisha Thomas, transfer request[s] from faci[li]ties and reasons for such request[s] by COI Aisha Thomas; Training Certification passed and failed, complaints against COI Aisha Thomas, civil actions involving COI Aisha Thomas, statements submitted regarding November 20, 2017 assault with injury of inmate Andre Heaggins; photos of inmate[']s injury; investigation report of the November 20, 2017 incident w[ith] video footage.

Doc. 45 at 5. He also seeks "[a]ny and all documents, information, disciplinary reports, [and] investigations of inmate Theodore Emelle #1001588088. All violent behavior reports and investigations to the like of [sic]." Doc. 46 at 1.

Heaggins has been informed of the elements of his claim against Thomas: "that (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury." Doc. 43 at 12-13 (citing *Johnson v. Boyd*, 568 F. App'x 719, 724-25 (11th Cir.

2014)).  Additionally, he "must show that Officer Thomas 'was physically able and had a realistic chance to intervene and act in time to protect [him].'" *Id.* (quoting *Smith v. Andrews*, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016)).  Therefore, he may only seek information regarding any nonprivileged matter that is relevant to these elements, subject to the limitations discussed above.  *See* Fed. R. Civ. P. 26(b)(1).

The Court finds that, while some of the information Heaggins seeks from the GDOC satisfies this test, some of it does not.  Accordingly, the Court modifies the subpoena[2] to require production of the following:[3]

1. Any disciplinary reports or records of any investigation of Aisha Thomas related to any incidents of inmate violence;

2. Documentation of the results from any training courses taken by Aisha Thomas related to her work as a correctional officer;

3. Any documented complaints against Aisha Thomas involving incidents of inmate violence;

---

[2] While Heaggins has separated his requests into two proposed subpoenas, *see* doc. 45 at 5, doc. 46 at 1, the Court will approve service of one consolidated subpoena on the GDOC, subject to the limitations addressed in this Order.

[3] The Court's preliminary review of Heaggins' requested subpoenas should not be construed as a finding that the requested information is necessarily subject to production.  This Order in no way limits any party's ability to pursue any of the protections afforded by the Federal Rules of Civil Procedure.  *See, e.g.,* Fed. R. Civ. P. 45(d)(2)(B) (providing procedure for objecting to subpoenas) & 45(d)(3) (providing procedure for quashing or modifying a subpoena).

4. Identification of any civil actions against Aisha Thomas related to her work as a correctional officer where she is alleged to have failed to intervene to protect an inmate's safety;

5. Copies of all statements submitted regarding the November 20, 2017 assault with injury of inmate Andre Heaggins;

6. Copies of any photos of inmate Andre Heaggins' injury stemming from the November 20, 2017 assault;

7. Copies of all investigation reports of the November 20, 2017 incident involving inmates Andre Heaggins and Theodore Emelle;

8. A copy of any video footage documenting the November 20, 2017 incident involving inmates Andre Heaggins and Theodore Emelle;

9. Any disciplinary reports or records of any investigation into any alleged violent behavior of inmate Theodore Emelle, #1001588088.

Therefore, the Clerk is **DIRECTED** to prepare a fully completed AO 88B form subpoena, directed to the Commissioner of the Georgia Department of Corrections, *see* Fed. R. Civ. P. 4(j)(2), *see also* O.C.G.A. § 9-11-4(e)(5), commanding it to produce the information enumerated above at one through nine, with the place of production as Andre Heaggins, #1000140334, Valdosta T.C., 363 Gil Harbin Blvd., Valdosta,

GA 31601,[4] and the time of production as 30 days from the date of service. The Clerk is further **DIRECTED** to prepare a service package containing the prepared form AO 88B, along with one copy of this Order, and to transmit it to the United States Marshal.   Upon receipt of the service package, the Marshal is **DIRECTED** to promptly serve the Georgia Department of Corrections, with a copy to the GDOC's Office of Legal Services, *see* http://www.dcor.state.ga.us/Divisions/ExecutiveOperations/Legal,.[5]

Plaintiff's deadline to file his Amended Complaint and renewed Motion for Default Judgment, or, alternatively, his Amended Motion for Summary Judgment, is **STAYED**. *See* doc. 43.  Plaintiff is **DIRECTED** to file a status report within ninety days informing the Court whether Defendant Aisha Thomas has responded to his propounded interrogatories, whether the Georgia Department of Corrections has

---

[4] The GDOC remains free to seek the protections afforded by Rule 45 should it need to raise any issues surrounding the propriety of producing documents to an inmate in one of its facilities.  *See supra* n. 3.

[5] Rule 45 requires that, where a subpoena commands the production of documents, before it may be served on the person to whom it is directed, a notice and a copy must be served on each party.  Fed. R. Civ. P. 45(a)(4).  Here, Defendant Aisha Thomas is the only other party, and she is in default.  *See* doc. 29.  Therefore, she is not entitled to such notice.  *See* Fed. R. Civ. P. 5(a)(2).

responded to his subpoena, as modified by this Order, and, if necessary, seeking an extended deadline to file his Amended Complaint and renewed Motion for Default Judgment, or, alternatively, his Amended Motion for Summary Judgment.

**SO ORDERED,** this 22nd day of November, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA