UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRE HEAGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-024 |
| | ) | |
| COI AISHA THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

The Court previously directed the parties to submit a joint status report by May 20, 2022. *See* doc. 54 at 5. They did not. *See generally* docket. Therefore, the Court again directed the parties to confer and file a joint status report, and to show cause why they did not timely file it in compliance with the prior instruction. Doc. 58. The Order also noted that Plaintiff Andre Heaggins has failed to keep the Court apprised of his address in violation of its Local Rules. *Id.* at 1 (citing S.D. Ga. L. Civ. R. 11.1). Therefore, he was also directed to show cause why this case should not be dismissed for his failure to update his address and otherwise prosecute his case. *Id.* at 1-2. Finally, he was instructed to provide the Clerk with a complete, correct address, in compliance with Local Rule

11.1. He was expressly warned that failure to comply with all directions would result in a recommendation of dismissal. *Id.* at 2 (citing Fed. R. Civ. P. 41(b); S.D. Ga. L. Civ. R. 41.1).

Defendant Aisha Thomas timely responded to the Court's Order. Doc. 60. In her submission, she explains that her counsel has undertaken reasonable efforts to locate Heaggins to confer as required by the Court's instructions. *Id.* at 1-2. Those efforts have all proven unsuccessful. *Id.* The submission also explains her failure to timely comply with the prior status reporting requirement as excusable neglect on the part of her counsel. *Id.* at 2-3. The submission satisfies the Court's direction.

Heaggins, however, has not responded to any of the Court's directions. *See generally* docket. This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).

Heaggins was warned of the consequences of failing to comply with the Court's most recent Order. Doc. 58 at 2. Accordingly, this case should be **DISMISSED** for plaintiff's failure to comply with the Court's Orders.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

    **SO REPORTED AND RECOMMENDED,** this 13th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA